CHARLES N. BRIZSE, Respondent, *v.* FREDERICK J. LISMAN and Others, as Copartners Doing Business under the Firm Name and Style of F. J. LISMAN & COMPANY, Appellants.

First Department, December 6, 1918.

Judgment — action for defendants' failure to repurchase securities at election of plaintiff pursuant to agreement — judgment in prior action on same contract — res adjudicata — pleadings.

Where a complaint alleged that the defendants agreed to sell and the plaintiff to buy certain securities to be repurchased at any time by the defendants, except in time of panic, at the plaintiff's election, but the defendants refused to repurchase and the answer admitted the agreement to sell but denied the agreement for the return of the securities at the election of the plaintiff and alleged the commencement of another action by the plaintiff against the defendants upon the same contract, and a verdict against plaintiff, and the reply of the latter admits the commencement of such action and annexes a copy of the complaint, and denies that the matter is *res adjudicata*, and the only difference in the complaint in the present action and in the former is a difference in the date of the alleged tender, and the answer in the former action is not annexed and, therefore, the court is without knowledge of the exact issue litigated, the defendants are entitled to judgment on the pleadings.

APPEAL by the defendants, Frederick J. Lisman and others, from an order of the Supreme Court, made at the New York

Special Term and entered in the office of the clerk of the county of New York on the 14th day of May, 1918, denying defendants' motion for judgment on the pleadings, consisting of a complaint, answer and reply.

*Joseph M. Hartfield* of counsel [*James A. Murphy* with him on the brief; *White & Case*, attorneys], for the appellants.

*Henry M. Stevenson*, for the respondent.

PAGE, J.:

The complaint alleges: " That on or about the 25th day of June, 1912, at the City of New York, the plaintiff and defendants entered into an agreement whereby the defendants agreed to sell and the plaintiff agreed to buy certain securities consisting of bonds, notes and trust certificates at the prices and in the amounts more particularly set forth and described in the schedule hereto annexed marked Schedule ' A ' and made a part of this complaint, of the total purchase price with accrued interest of $83,752.50, and then and there, as a part of said agreement of purchase and sale, the defendants agreed with the said plaintiff that if at any time thereafter (except in time of panic) the plaintiff should elect to return any of said securities, the defendants would take back from said plaintiff such securities or such or any of them as the plaintiff should elect to return and would repay to the said plaintiff the amount of the purchase price thereof."

The complaint further alleges that the defendants delivered the securities to the plaintiff and were paid therefor, and that the plaintiff offered to return them on February 14, 1916, and the defendants refused to receive them and repay the purchase price, and that the 14th day of February, 1916, was not a time of panic, and that the offer to return was made within a reasonable time after the making of the contract.

The only part of the answer necessary to consider on this appeal is the first defense in which the defendants admit the making of the said agreement to sell the securities mentioned in the complaint, but denied the making of the alleged agreement for the return of the same at the election of the plaintiff, and further alleges that the plaintiff commenced an action in the Supreme Court of the State of New York against

the defendants upon the same contract, and that the same was submitted to the jury and a verdict ·rendered against the plaintiff, and a copy of the judgment is annexed to the answer.

The reply of the plaintiff admits that he commenced such an action and annexes to the reply a copy of the complaint and denies that the matter is *res adjudicata*. Practically the only difference in the complaint in this action and the complaint in the former action is that the complaint in this action alleges a tender on the 14th day of February, 1916, while in the former action it alleges a tender on the 4th day of November, 1914. The answer of the defendants in the former action is not annexed to the reply, and we are, therefore, without knowledge of the exact issue that was litigated. The plaintiff claims that we should give the benefit of every intendment in favor of the pleader, and, therefore, should presume that the question litigated and decided was that the 4th day of November, 1914, was a time of panic, but if this was the case, it should have been made to appear by appropriate allegation or annexing the answer to show that that issue was the only issue tendered.

From all that appears, it may be that the jury decided that no agreement was made to return the securities. As the pleadings stand, the defendants would be entitled to judgment.

The order should be reversed, with ten dollars costs and disbursements, and defendants' motion granted, with leave to the plaintiff to serve an amended reply upon payment of all costs to date.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with leave to plaintiff to serve amended reply on payment of all costs to date.